# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | Case No. 1:11-cv-00631-LJO-SKO |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S REQUEST FOR THE APPOINTMENT OF A REGISTERED PROCESS SERVER** |
| v. | |
| | (Doc. 18) |
| STEVEN CASTANON SORONDO, et al, | |
| Defendants. | |

## I.  INTRODUCTION

On April 18, 2014, Plaintiff filed a request for an order appointing a registered process server to execute the judgment entered against Defendants on October 4, 2011.  (Doc. 18.) Plaintiff's ex parte request is made pursuant to Rule 4(c) of the Federal Rules of Civil Procedure and "Rules 19.2 and 19.3 of the Local Rules of Practice of the United States District Court for the Central District of California."  (Doc. 18.)  The request states that "Rezak Meyer Attorney Service, a Registered Process Server and not a party to this action," should be authorized and appointed to serve the writs in this case. (Doc. 18, 1:14-16.)  According to Plaintiff, the U.S. Marshal's Office is to remain the levying officer; Plaintiff notes that the U.S. Marshal's Service does not perform execution levies and thus an order appointing a registered process server is necessary to enforce the Court's judgment by a writ of execution.

For the reasons set forth below, Plaintiff's request for the appointment of a process server is denied without prejudice.

## II.   DISCUSSION

The execution of final judgments is governed by Rule 69(a) of the Federal Rules of Civil Procedure.  Rule 69(a) provides as follows:

> (1) Money Judgment; Applicable Procedure.  A money judgment is enforced by a writ of execution, unless the court directs otherwise.  The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.
> . . .

Fed. R. Civ. P. 69(a).  Pursuant to Rule 69(a), post-judgment enforcement proceedings must comply with California law.  *Credit Suisse v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 130 F.3d 1342, 1344 (9th Cir. 1997); *Hilao v. Estate of Marcos*, 95 F.3d 848, 850 (9th Cir. 1996).

Under California law, a registered process server may levy under a writ of execution on property specified in California Code of Civil Procedure § 699.080(a).  A registered process server is a person registered as a process server pursuant to the Business and Professions Code.  *See* Cal. Civ. Pro. Code § 481.250 (citing Cal. Bus. & Prof. Code § 22350 to 22360).  This authority is limited to cases where the levy does not involve the possibility of taking immediate possession of the property.

Plaintiff's ex parte request is insufficient in three respects.  First, Rezak-Meyer Attorney Service appears to be a processing service company located in Southern California, but Plaintiff has failed to provide any information regarding a specific individual at Rezak-Meyer who is a registered process server for purposes of court-appointment.  Second, Plaintiff's request consists of a two-page document signed by counsel under penalty of perjury with no cited legal authority under which the appointment is sought other than Federal Rule of Civil Procedure 4(c).  Finally, the request is not supported by a declaration or supplemental information evidencing the registration of a particular process server to be appointed.

2

On April 22, 2014, Plaintiff was ordered to supplement its request to cure the deficiencies identified above, but has failed to do so. (Doc. 19.) As such, Plaintiff's request is denied without prejudice.

### III.   CONCLUSION AND ORDER

For the reasons set forth above, Plaintiff's request for appointment of process server is insufficient. Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for appointment of a process server is denied without prejudice.

IT IS SO ORDERED.

Dated:   **May 26, 2014**                              **/s/ Sheila K. Oberto**
                                                       UNITED STATES MAGISTRATE JUDGE